UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| COLON L. CARTER, | |
| Plaintiff | Civil Action No. |
| v. | |
| | COMPLAINT UNDER |
| AETNA LIFE INSURANCE COMPANY, | 29 U.S.C §1132 |
| Defendant | |

The Plaintiff complains against the Defendant as follows:

1. The Plaintiff is a resident of Gardiner, Maine.

2. The Defendant is an insurance company incorporated in the State of Connecticut and is licensed to do business in Maine.

3. This Court has jurisdiction of this lawsuit under 29 U.S.C. §1132.

4. The Plaintiff has exhausted all legally-required administrative remedies.

5. On May 2, 2017, the United States Bankruptcy Court for the District of Maine issued an Order authorizing the employment of special counsel to proceed forward with this lawsuit against the Defendant for the wrongful denial of the Plaintiff's long-term disability benefits.

## *ERISA-GOVERNED LONG-TERM DISABILITY PLAN*

6. As a full-time employee of Bath Iron Works, the Plaintiff was insured under the Long Term Disability Insurance Policy issued by Aetna Life Insurance Company to Bath Iron Works.

7. This Long Term Disability Insurance Policy (hereinafter, the "Policy") is governed by the Employee Retirement Income Security Act ("ERISA").

8. The Policy states:

   "Test of Disability. From the date that you first became disabled and until Monthly Benefits are payable for 18 months, you will be deemed to be disabled on any day if: You are not able to perform the material duties of your own occupation solely because of disease or injury; and your work earnings are 80% or less of your Predisability earnings."

9. The Policy further states: "After the first 18 months that any Monthly Benefit is payable to during a period of disability, you will be deemed to be disabled on any day if you are not able to work at any reasonable occupation solely because of: disease; or injury."

## **The Defendant's Denial of the Plaintiff's Long-Term Disability Benefit Claim**

10. The Defendant denied the Plaintiff's Long Term Disability Claim (hereinafter the "Claim") effective June 20, 2016.

11. The Plaintiff timely appealed this denial.

12. The Plaintiff suffers from the severe and disabling effects of neuropathic pain from three spinal cord traumas starting in 2003 when he underwent resection for a malignant ependymoma in the thoracolumbar region.

13. In June of 2012, after the Plaintiff experienced increasing cervical pain from radiculopathy which was not relieved by injections or physical therapy, a C6-7 microlaminectomy and C7 root foraminotomy were performed.

14. In January of 2015, the Plaintiff underwent a cervical fusion at C6-7 and a decompressive laminectomy.

15. He was further injured in a March 2, 2015, motor vehicle accident just as he was returning to work at BIW from the January surgeries.

16. As a result, the Plaintiff's treating physiatrist, Michael Totta, MD, has diagnosed the Plaintiff with a complex pain syndrome.  Further, the Plaintiff's physiatrist at Maine Medical Partners Neurosurgery and Spine, Nancy Ball, MD, following EMG testing of the Plaintiff, stated: "Cervical radiculopathy is challenging with regard to EMG studies in that if the motor fibers of the cervical root are not compressed the EMG is frequently normal. It misleads people to believe it is not a cervical radiculopathy. In fact, she [sic] can have a normal needle electrode exam in the presence of compression of the sensory fibers which are reflecting pain and paresthesias. I have explained this to Mr.

Carter as well so he knows that we do feel that he does have a C7 radiculopathy based on the pain pattern and possible C6 as well."

17. As part of his appeal, the Plaintiff submitted, among other documents supporting his appeal, the completed residual functional capacity Questionnaire (hereinafter "Questionnaire") from the Plaintiff's former treating physiatrist, Michael Totta, MD, dated January 27, 2017.

18. Dr. Totta states in his completed Questionnaire that the Plaintiff's symptoms are "Chronic and persisting pain; chronic and persistent fatigue; and limitations in concentration, attention and focus due to pain."

19. Dr. Totta believes that since December 21, 2015, Mr. Carter has been limited to less than 1 hour of standing/walking at any one time, explaining that standing/walking "causes pain flares. I recommend the restriction at the least with 5-10 minute seated/supine break."

20. Dr. Totta further states that since December 21, 2015, if the Plaintiff attempted to return to full-time employment, he likely would miss at least 1 to 2 workdays/per month due to the combination of his severe conditions/diagnoses.

21. Dr. Totta further believes that since December 21, 2015, if the Plaintiff attempted to return to full-time employment, "rarely to occasionally" (defined in this Questionnaire as up to and between 5% to one-third of a normal 8-hour workday and 40-hour work week), the combination of

his symptoms, including pain from his severe/conditions/diagnoses would interfere with his ability to complete a normal 8-hour workday and 40-hour work week without interruption from his physically-based symptoms.

22. Dr. Totta believes that since December 21, 2015, if the Plaintiff attempted to return to full-time employment, "rarely to occasionally", the combination of his symptoms, including pain from his severe/conditions/diagnoses would interfere with his ability to complete a normal 8-hour workday and 40-hour work week.

23. Dr. Totta additionally believes that since December 21, 2015, if the Plaintiff attempted to return to full-time employment, "occasionally to frequently" (defined in this Questionnaire as up to one-third to one-half of a normal 8-hour workday and 40-hour work week), the combination of Mr. Carter's symptoms, including pain from his severe/conditions/diagnoses would interfere with his ability to maintain his attention and concentration needed to perform his normal work duties.

24. The Plaintiff's primary care physician, Roy Nakamura, MD, in the Capabilities and Limitations Worksheet he completed for the Defendant, stated that due to the Plaintiff's diseases and resulting symptoms, the Plaintiff is: "Not able to focus on tasks due to chronic

pain, impairment from chronic opioid treatment, and significant physical limitations."

25. Dr. Nakamura further believes that it is "unknown-unlikely" when a full recovery might happen, and it is "unknown" when he would expect to see some improvement in Mr. Carter's ability to function.

26. In addition, in the Capabilities and Limitations Worksheet Dr. Totta completed for the Defendant on May 27, 2016, Dr. Totta stated that the Plaintiff was limited to sitting no more than "occasionally", which this Worksheet defined as ".5-2.5 hours" in the course of an 8-hour day.

27. In this Worksheet, Dr. Totta further states that the Plaintiff "needs supine breaks – 15 min [every] 2 hours."

28. In the Capabilities and Limitations Worksheet Dr. Totta completed for the Defendant on June 8, 2016, Dr. Totta stated that the Plaintiff is unable to do a "sustained upright posture with continued cognitive focus", and do "intermittent physical work with breaks."

## Count I

29. Despite the persuasive weight of these many treating physician opinions, the Defendant denied the Plaintiff's LTD Claim.

30. The Defendant's rejection of the Plaintiff's treating physicians' opinions and other documentation supporting that he is Totally Disabled, and

the resulting denial of the Plaintiff's LTD Claim was arbitrary and capricious.

## Prayer For Relief

31. Pursuant to 29 U.S.C. §1132(a)(A)(1)(B), the Plaintiff respectfully asks this Court to enforce his rights under the terms of the ERISA LTD plan, and enter the following judgment:

   A. Reverse the Defendant's denial and award the Plaintiff his LTD claim benefits he is entitled to since January 11, 2016, the date he became disabled, with interest;

   B. Direct the Defendant to continue to pay the Plaintiff his monthly LTD benefits as long as he qualifies for such benefits under the terms of the ERISA LTD Plan; and

   C. Order the Defendant to pay the Plaintiff's attorneys their reasonable attorneys' fees.

Respectfully submitted:

Date: October 10, 2017

/s/ Andrew J. Bernstein
Andrew J. Bernstein, Esq.
Bar No. 002257
Attorney for the Plaintiff
Law Offices of Joseph L. Bornstein
P.O. Box 4685
Portland, ME 04112