UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| COLON L. CARTER, | ) |
|     Plaintiff | ) |
| v. | )    2:17-cv-00398-JAW |
| AETNA LIFE INSURANCE COMPANY, | ) |
|     Defendant | ) |

**DECISION AND ORDER ON
PLAINTIFF'S MOTION TO AMEND**

Plaintiff Colon L. Carter alleges Defendant Aetna Life Insurance Company has unlawfully denied Plaintiff's claim for benefits under the long term disability insurance policy Defendant issued to and through Plaintiff's employer, Bath Iron Works. Plaintiff asserts the policy is governed by the Employee Retirement Income Security Act (ERISA).

The matter is before the Court on Plaintiff's Motion to Amend the Complaint. (ECF No. 16.) Through the motion, Plaintiff seeks leave to amend the pleadings to assert that Plaintiff's claim is governed by a de novo standard of review.

**Background**

As a full-time employee of Bath Iron Works, Plaintiff was insured under a long term disability (LTD) policy issued by Defendant to Bath Iron Works. (Complaint ¶ 6.) Plaintiff alleges that he qualified for LTD insurance benefits under the policy beginning on or about January 11, 2016. (*Id.* ¶¶ 19 – 28, 31.) Defendant denied Plaintiff's claim for benefits.

(*Id.* ¶ 10.) Plaintiff contends Defendant's denial of benefits "was arbitrary and capricious." (*Id.* ¶ 30.)

The Court issued a scheduling order on December 12, 2017, which order established January 8, 2018, as the deadline for filing the administrative record, and February 22, 2018, as the deadline for the amendment of the pleadings. (ECF No. 9.) On the parties' joint motion, the Court extended the deadline for the filing of motions for judgment on the record to March 22, 2018. (ECF No. 13.) After Plaintiff filed the motion to amend on March 20, 2018, the Court deferred the deadline to file motions for judgment until after the Court resolves the motion to amend. (ECF No. 18.)

Plaintiff asserts that a de novo review of the denial of his claim for benefits is warranted because Defendant did not have discretion under the applicable policy or plan. Defendant opposes the motion to amend based on Plaintiff's failure to file a proposed amended complaint, Plaintiff's failure to demonstrate good cause for the amendment at this stage of the proceedings, and the futility of the proposed amendment. (ECF No. 20.)

**Discussion**

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings. A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4). A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)). Ultimately, a court has discretion whether to grant a motion to amend, and that discretion should be exercised on the basis of the particular facts and circumstances of the case. *Id.*

The standard of review in an ERISA claim is based in part on a review of the plan and thus is necessarily included in a court's assessment of the merits of a claim:

> In ERISA cases, an inquiring court must peruse the plan documents in order to determine the standard of judicial review applicable to a claims administrator's denial of benefits. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989). A challenge to a denial of benefits is to be reviewed de novo "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* But where the plan documents grant the claims administrator full discretionary authority, the decision is reviewed for abuse of discretion. *See id.* at 111; *Colby v. Union Sec. Ins. Co. & Mgmt. Co. for Merrimack Anesthesia Assocs. LTD Plan,* 705 F.3d 58, 61 (1st Cir. 2013).

*McDonough v. Aetna Life Ins. Co.*, 783 F.3d 374, 379 (1st Cir. 2015) (observing that even the deferential standard "is not without some bite," particularly where the defendant "suffers from a structural conflict of interest"). The First Circuit has explained that the de novo review standard is the "default" standard, unless the court determines otherwise in the course of its review of the claim. *Rodriguez-Lopez v. Triple-S Vida, Inc.*, 850 F.3d 14, 20 (1st Cir. 2017).

In the Court's view, because the standard of review is derived in part from an assessment of the plan documents, which the Court will review as part of its assessment of the merits of the claim, the Court would typically determine the applicable standard of review as part of its analysis of the merits of the claim. Indeed, the parties will presumably address the applicable standard of the review in their motions for judgment. Plaintiff's motion, therefore, is unnecessary. That is, an amendment to the complaint is not required for Plaintiff to argue to the Court the standard of review Plaintiff believes governs whether Plaintiff is entitled to the benefits he claims.

## Conclusion

Based on the foregoing analysis, the Court denies Plaintiff's Motion to Amend, without prejudice to the parties' ability in their motions for judgment to argue that a particular standard of review governs whether Plaintiff is entitled to the benefits he claims.

The parties shall file their motions for judgment on or before June 6, 2018.

## NOTICE

Any objections to this Decision and Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of May, 2018.